445 So.2d 337 (1984)
Eddie L. REMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 62715.
Supreme Court of Florida.
February 2, 1984.
*338 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Eddie Rembert appeals his convictions of first-degree felony murder and robbery and his sentence of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution. We affirm the convictions but vacate the sentence of death.
After drinking for part of the day and worrying about how to make his car payment, Rembert entered the victim's bait and tackle shop. He hit the elderly victim in the head once or twice with a club and took forty to sixty dollars from the victim's cash drawer. Shortly thereafter, a neighbor entered the shop and found the victim on the floor, bleeding from his head. He died several hours later of severe injury to the brain.
A two-count indictment charged Rembert with first-degree felony murder and robbery. The jury convicted him of both counts as charged and recommended the death sentence. The trial court sentenced Rembert to death for the murder and to life imprisonment for the robbery, but later deleted the sentence for robbery.
Rembert now claims that the evidence was insufficient to prove that he killed the victim. He argues that the evidence, while possibly suggesting his guilt, is equally consistent with the theory that he merely robbed the victim and that an unknown assailant later beat him so severely that he died. Therefore, according *339 to Rembert, the evidence has failed to exclude a reasonable hypothesis of innocence.
Rembert argued the same theory about an unknown assailant to the jury. Besides hearing that theory, however, the jury also knew that Rembert had hit the victim "once or twice" and heard the medical examiner testify that the victim could have been hit as many as seven times or as few as one time. The jury obviously did not believe Rembert's contentions to be reasonable, and our review of the record shows the convictions to be supported by competent substantial evidence. This argument therefore fails. Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983).
Relying on State v. Anderson, 270 So.2d 353 (Fla. 1972), Rembert claims that the trial court erred in refusing to give his requested instruction on circumstantial evidence. In In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981), we found the instruction on circumstantial evidence to be unnecessary and deleted it from the standard instructions. A trial court can, of course, give such an instruction if, in the court's discretion, it finds it necessary due to the particular facts of any case. Williams v. State, 437 So.2d 133 (Fla. 1983); Standard Jury Instructions in Criminal Cases. The trial court did not find the circumstantial evidence instruction necessary in this case, and we find no abuse of discretion in his refusal to give such an instruction.
After the verdict had been returned and the jury had been polled, the foreman informed the court of the jury's readiness to make a penalty recommendation. The court refused to let him articulate this premature recommendation and told the jury:
It will be necessary before you can properly take any action of this kind to proceed with additional instructions by the Court and the presentation of additional evidence to you by the State and by the Defendant for you to consider the proper factors as outlined by Florida law in making this advisory opinion to the Court.
Both the defense and the state requested that the jury's tentative recommendation be published. The court properly refused, however, and stated: "The whole purpose of this [sentencing] proceeding is to let them [the jury] make an objective decision after weighing all the proper factors... ." The sentencing proceeding was then held the following week, and, after deliberating for an hour, the jury recommended the death penalty.
Rembert now claims that the jury failed to follow the court's instructions and considered improper matters during its deliberations as to guilt or innocence. Relying on Nelson v. State, 362 So.2d 1017 (Fla. 3d DCA 1978), Rembert urges that he should receive a new trial. In Nelson the jury drew improper inferences based on an absence of explanation of some of the evidence when the trial court refused to permit cross-examination as to that evidence. Nelson is not on point with the instant case, and we find nothing in the record to support Rembert's contentions.
Under ideal circumstances there would be perfect trials with the courts, the state, the defense, and the juries performing their duties precisely and exactly. This is, however, an imperfect world. Confusion among jurors as to when to vote on what sometimes exists. E.g., Hitchcock v. State, 413 So.2d 741, 744 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982). The court gave the standard jury instructions here, but the jury seems to have misconstrued them.
The jury's consideration as to a penalty during its deliberations on guilt or innocence, however, appears to have been harmless. The sentencing hearing proceeded normally, and the trial court instructed the jury as to its role in sentencing. There is nothing in the record to support Rembert's contention that the jury prejudged the penalty issue. Rather, the record supports the state's claim that the jury performed its duty properly during the penalty proceeding.
*340 The trial court gave the standard jury instruction on sentencing. Rembert now claims that this instruction improperly requires a vote by seven or more jurors to recommend any penalty. We recently considered this issue and rewrote the concluding portion of that instruction. Harich v. State, 437 So.2d 1082 (Fla. 1983). Even more recently, however, we held that this instruction must be objected to at trial before relief will be granted on appeal. Jackson v. State, 438 So.2d 4 (Fla. 1983). Rembert did not object to this instruction and, therefore, has failed to preserve this point for appeal.
Regarding his death sentence, Rembert argues that the trial court improperly found several aggravating circumstances and erred in holding that no mitigating circumstances had been established and that the capital sentencing statute is unconstitutional both on its face and as applied. We find no merit in his constitutional challenges. We agree, however, that the trial court erroneously relied on some aggravating factors.
The court found that the following aggravating circumstances had been established: 1) felony murder; 2) avoiding or preventing arrest; 3) heinous, atrocious, and cruel; and 4) cold, calculated, and premeditated. The court reasoned that, because Rembert and the victim had known one another for a number of years, Rembert eliminated the only witness who could testify against him, thereby establishing the avoidance or prevention of arrest. In Riley v. State, 366 So.2d 19, 22 (Fla. 1978), this Court considered murder to eliminate a witness and stated that "the mere fact of a death is not enough to invoke this factor when the victim is not a law enforcement official. Proof of the requisite intent to avoid arrest and detection must be very strong in these cases."
The victim was alive when Rembert left the premises and could conceivably have survived to accuse his attacker. If Rembert had been concerned with this possibility, his more reasonable course of action would have been to make sure that the victim was dead before fleeing. We do not find that the state demonstrated beyond a reasonable doubt the requisite intent needed to establish this aggravating factor.
We also disagree with the trial court's finding cold, calculated, and premeditated in aggravation. This is a classic example of a felony murder, and very little, if any, evidence of premeditation exists. The criteria set out in Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982), have not been met here.
Nor do we find this murder to have been especially heinous, atrocious, and cruel. While reprehensible, this crime simply does not meet the test set out in State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974), for finding a killing to have been especially heinous, atrocious, and cruel. Compare Stewart v. State, 420 So.2d 862 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983), and Scott v. State, 411 So.2d 866 (Fla. 1982), with the facts of this case.
Although Rembert also attacks the finding that the murder occurred during the commission of a felony, we hold that the trial court properly found that this aggravating factor had been established. Thus, we are left with only one valid aggravating circumstance. Rembert introduced a considerable amount of nonstatutory mitigating evidence, but the trial court chose to find that no mitigating circumstances had been established. Given the facts and circumstances of this case, as compared with other first-degree murder cases, however, we find the death penalty to be unwarranted here.[*]Compare Swan v. State, 322 So.2d 485 (Fla. 1975). We therefore vacate the death sentence and remand for the trial court to impose a sentence of *341 life imprisonment with no possibility of parole for twenty-five years. Rembert's convictions are affirmed.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] At oral argument the state conceded that in similar circumstances many people receive a less severe sentence.