465 So.2d 496 (1985)
Carl Allen CARUTHERS, Appellant,
v.
STATE of Florida, Appellee.
No. 64114.
Supreme Court of Florida.
February 7, 1985.
Rehearing Denied April 4, 1985.
*497 Michael E. Allen, Public Defender and Steven L. Bolotin, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on direct appeal from conviction of first-degree murder and sentence of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
On the evening of January 9, 1983, Martha Zereski, a clerk at a Han D Pak convenience store, was found lying motionless behind the counter, with the cash register open. Approximately $55 was missing. A white car with a dark top had been observed accelerating rapidly out of the store parking lot. An automobile with a similar description had been reported stolen, and police investigation led to the stolen car, abandoned with the motor still running. A twenty dollar bill and a ten dollar bill were found on the ground nearby, and footprints led into the woods. The trail led to the back doorstep of Betty Boyd's house, on whose property appellant lived in a camper. Appellant was inside the house. His shoes appeared to match the footprints.
Appellant was arrested with approximately $25 in his possession and taken to the Santa Rosa County Sheriff's Department. He was given Miranda warnings and subsequently confessed. According to appellant, he had drunk a considerable amount of beer that day on a fishing outing with Betty Boyd, her children and a friend, James Coleman. Upon returning to town, he asked to be dropped off at the residence of a friend who turned out not to *498 be home. He started walking, got as far as the Faith Baptist Church, and decided to steal the car of Grady Adams, a missionary worker with whom he had once lived. Appellant drove to Boyd's property and got a gun, which he had previously taken from Adams. He stated that Coleman had wanted him to shoot a big dog that bothered the children. Unable to find the dog, he went to the Han D Pak store. He decided to rob the store and drew the gun on Zereski. Appellant stated that he had not wanted to hurt her, but that she jumped and he just started firing, shooting her three times. He was charged with premeditated and felony murder in the first degree, robbery with a firearm, theft of the car, and theft of the gun.
At trial appellant sought to avoid a verdict of premeditated murder. The jury found him guilty as charged on all counts. At the sentencing phase, several members of his family testified regarding his devotion to his younger brother, kindness toward others, parental love, church activities, and favorable school record. Appellant, age twenty-two at the time of the murder, also testified. It was established that his only previous conviction was for the misdemeanor of stealing a bicycle about a year earlier.
The jury recommended the death penalty, and the trial court imposed sentence in accordance with the jury's recommendation, after finding that the aggravating circumstances of the murder were that it was committed while the defendant was engaged in the commission of an armed robbery, that it was committed for the purpose of avoiding or preventing a lawful arrest and that it was committed in a cold, calculated, and premeditated manner. Recognizing that the latter two aggravating factors were based on "essentially the same circumstances and conclusions"  avoidance of identification and arrest  the trial court found that either one of them, coupled with the armed robbery factor, justified the imposition of a death sentence.
The trial court found one statutory mitigating circumstance, no significant history of prior criminal activity, and the nonstatutory circumstances of his voluntary confession, his conditional guilty plea subject to a life sentence, mutual love and affection of family and friends, his remorse, and his encouragement of his younger brother to do well and avoid violating the law. The trial court found, however, that the aggravating circumstances outweighed the mitigating circumstances.
Appellant argues that he was denied the right to have his guilt decided by an impartial jury composed of a cross-section of the community because the state was allowed to challenge for cause prospective jurors who were opposed to the death penalty and could not vote to recommend it. We have rejected this argument. See Copeland v. State, 457 So.2d 1012 (Fla. 1984); Gafford v. State, 387 So.2d 333 (Fla. 1979); Riley v. State, 366 So.2d 19 (Fla. 1978). Our independent review of the record reveals no reversible error at the guilt phase of the trial.
Appellant raises several points concerning his death sentence, only one of which we need discuss, as it is dispositive. We agree that the trial court erred in finding as alternative aggravating circumstances that the murder was committed for the purpose of avoiding or preventing a lawful arrest and that the capital felony was cold, calculated and premeditated. The state did not prove these factors beyond a reasonable doubt. The trial judge based his conclusions as to the existence of both factors upon the fact that the victim knew appellant, reasoning that he therefore killed her to avoid identification.
The cold, calculated and premeditated factor applies to a manner of killing characterized by a heightened premeditation beyond that required to establish premeditated murder. Thompson v. State, 456 So.2d 444 (Fla. 1984); Gorham v. State, 454 So.2d 556 (Fla. 1984). The state did not *499 establish this factor beyond a reasonable doubt under the circumstances of this case.
The victim's recognition of appellant as a customer speaks to the question of whether he killed her to prevent a lawful arrest. The state does not without more establish this fact by proving that the victim knew her assailant, even for a number of years. See Rembert v. State, 445 So.2d 337 (Fla. 1984). We stated in Riley that "the mere fact of a death is not enough to invoke this factor when the victim is not a law enforcement official. Proof of the requisite intent to avoid arrest and detection must be very strong in these cases." Riley, 366 So.2d at 22. The state has not met its burden in the present case.
There remains one valid aggravating circumstance, that the murder was committed while the defendant was engaged in the commission of an armed robbery, and one statutory mitigating circumstance, no significant history of prior criminal activity, and several nonstatutory mitigating factors. Our review process in capital cases insures proportionality among death sentences, and it is an inherent part of our review, whether or not we mention the review process in our opinion or mention other capital cases. See Booker v. State, 441 So.2d 148 (Fla. 1983); Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). We have conducted a proportionality comparison with other capital cases to determine whether death is the appropriate sentence in this case, and we find that it is not.
Accordingly, we affirm the convictions but vacate the death sentence and remand to the trial court for the imposition of a life sentence without eligibility for parole for twenty-five years.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.