501 So.2d 1279 (1986)
Ted HERRING, Appellant,
v.
STATE of Florida, Appellee.
No. 67524.
Supreme Court of Florida.
December 30, 1986.
Rehearing Denied March 2, 1987.
Jeremy G. Epstein, Dennis P. Orr, Kenneth A. Freeling and James P. Bodovitz of Shearman & Sterling, New York City, for appellant.
Jim Smith, Atty. Gen. and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Ted Herring appeals a trial court's denial of his motion for post-conviction relief without an evidentiary hearing under the provisions of Florida Rule of Criminal Procedure 3.850. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and affirm.
Herring was convicted and sentenced to death for robbing and killing a convenience store clerk. The evidence reflected that Herring shot the clerk once when he perceived a threatening move, and then shot the clerk again "when he hit the ground." This Court affirmed Herring's conviction and sentence in Herring v. State, 446 So.2d 1049 (Fla.), cert. denied, 469 U.S. 989, 105 S.Ct. 396, 83 L.Ed.2d 330 (1984).
Herring raises the following multiple issues that could have been raised on appeal: (1) the trial court erroneously applied two statutory aggravating circumstances; (2) the trial court impermissibly counted both the cold, calculated, and premeditated and the elimination of witness aggravating circumstances; (3) the trial judge applied a nonstatutory aggravating factor in sentencing Herring to death; (4) Herring's probation officer should not have been allowed to testify concerning Herring's comment about the victim; (5) the death penalty jury instructions were constitutionally inadequate; (6) the trial judge *1280 failed to consider the death sentence's proportionality; (7) the trial court erroneously excluded Herring's proffered mitigating evidence; (8) the trial court applied an incorrect sentencing standard; (9) during the sentencing phase closing arguments, the prosecutor improperly suggested that Herring might be granted parole if given life imprisonment; (10) excluding a prospective juror for cause because of his death penalty views violated the sixth and fourteenth amendments; (11) the state did not prove Herring knowingly and intelligently waived his privilege against self-incrimination and his right to appeal; and, finally, (12) the trial judge erred by abandoning his duty to review the jury's recommended sentence. We reject all these contentions as improper for a 3.850 motion. As we have previously stated, a 3.850 motion cannot be utilized for a second appeal to consider issues that either were raised or could have been raised in the initial appeal. Sireci v. State, 469 So.2d 119 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 3308, 92 L.Ed.2d 721 (1986); Jones v. State, 446 So.2d 1059 (Fla. 1984); Demps v. State, 416 So.2d 808 (Fla. 1982).
Appellant next claims that his sentence is not proportionate, and that Caruthers v. State, 465 So.2d 496 (Fla. 1985), decided after we affirmed the initial appeal in this case, mandates a life sentence. The state responds that a prior case is not reviewable in light of a subsequent decision, citing Tafero v. State, 459 So.2d 1034 (Fla. 1984), and Sullivan v. State, 441 So.2d 609 (Fla. 1983). We do not reach that issue because there are clear distinguishing characteristics between Caruthers and Herring. Caruthers had no significant history of prior criminal activity, and the sentencing proceeding considered other nonstatutory mitigating factors. Herring, however, had a prior robbery conviction. Additionally, there was evidence that Herring killed the victim to eliminate him as a witness. We hold that Herring's contention on this issue is without merit.
In his next point, Herring contends that an evidentiary hearing was necessary to decide his ineffective-assistance-of-counsel claims. The trial judge, in an extensive order, fully explained why each of the ineffective-assistance-of-counsel claims did not meet the test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Knight v. State, 394 So.2d 997 (Fla. 1981). We agree with the trial judge's findings and commend him for his detailed explanation.
Finally, we reject Herring's claim that our capital sentencing statute is discriminatorily applied. We have rejected this claim in multiple decisions. Smith v. State, 457 So.2d 1380 (Fla. 1984); Adams v. State, 449 So.2d 819 (Fla. 1984).
For the reasons expressed, we affirm the trial court's denial of relief.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.