510 So.2d 896 (1987)
Charles William PROFFITT, Appellant,
v.
STATE of Florida, Appellee.
STATE of Florida, Appellant,
v.
Charles William PROFFITT, Appellee.
Nos. 65507, 65637.
Supreme Court of Florida.
July 9, 1987.
Rehearing Denied August 31, 1987.
*897 Irwin J. Block of Fine, Jacobson, Schartz, Nash, Block & England, Miami, and David S. Golub of Silver, Golub and Sandak, Stamford, Conn., for appellant/appellee.
Robert A. Butterworth, Atty. Gen. and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee/appellant.
PER CURIAM.
This is an appeal by Charles William Proffitt from a resentencing proceeding directed by the federal courts. In resentencing, the trial court imposed the death penalty. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We conclude that, under the record presented in the new sentencing proceeding, our present capital sentencing law mandates that we reduce Proffitt's sentence to life imprisonment without the possibility of parole for twenty-five years. We deny the state's appeal.
Proffitt was initially tried and convicted for first-degree murder and originally sentenced to death in March, 1974. The evidence at trial revealed that Proffitt, while burglarizing a house, killed an occupant with one stab wound to the chest while the victim was lying in bed. Proffitt's conviction and sentence were first affirmed by this Court in Proffitt v. State, 315 So.2d 461 (Fla. 1975). The United States Supreme Court thereafter granted certiorari and expressly upheld the facial validity of Florida's death penalty statute against an eighth amendment challenge. Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). Subsequently, this Court considered and rejected two post-conviction relief proceedings. See Proffitt v. State, 360 So.2d 771 (Fla. 1978); Proffitt v. State, 372 So.2d 1111 (Fla. 1979). Thereafter, Proffitt obtained federal habeas corpus relief by a decision of the United States Circuit Court of Appeals for the Eleventh Circuit, which remanded the case to the state courts for resentencing in light of errors which that court found had occurred in the 1974 sentencing proceeding. Proffitt v. Wainwright, 685 F.2d 1227 (11th Cir.1982), modified 706 F.2d 1227 (11th Cir.), cert. denied, 464 U.S. 1002, 104 S.Ct. 508, 78 L.Ed.2d 697 (1983). In a subsequent decision, the Eleventh Circuit Court of Appeals denied Proffitt's request to have the resentencing conducted by both judge and jury. Proffitt v. Wainwright, 756 F.2d 1500 (11th Cir.1985).
The trial court resentenced Proffitt to death, finding the following aggravating circumstances: (1) the murder occurred during the commission of a felony (burglary), and (2) the murder was committed in a cold, calculated, and premeditated manner. In mitigation, the trial court found that Proffitt had no significant history of criminal activity, and recognized nonstatutory mitigating evidence from Proffitt's family, former co-workers, religious advisers, and others.
We recognize that Proffitt is a case of considerable notoriety because it resulted in the United States Supreme Court's upholding the facial validity of Florida's death penalty statute. The death sentence law as it now exists, however, controls our review of this resentencing. There have been multiple restrictions and refinements in the death sentencing process, by both the United States Supreme Court and this Court, since this matter was first tried in 1974 and affirmed in 1975, and we are bound to fairly apply those decisions. We stated in Menendez v. State, 419 So.2d 312 (Fla. 1982):
Our function in reviewing a death sentence is to consider the circumstances in light of our other decisions and determine whether the death penalty is appropriate. State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1951, 40 L.Ed.2d 295 (1974).
Id. at 315.
This case presents a somewhat different record from Proffitt's earlier sentencing appeal and includes more mitigating evidence.
Proffitt raises four points in this appeal: (1) the death penalty is excessive, inappropriate, and not proportionate based on appellant's character and background and the circumstances of the offense; (2) the resentencing court erred in applying the cold, calculated, and premeditated aggravating *898 circumstance to this homicide; (3) the trial court improperly excluded mitigating evidence; and (4) the trial court erred in resentencing Proffitt without the benefit of a new jury recommendation.
We need address only the first point. On this issue, appellant contends that the death sentence in this case is disproportionate. Appellant claims that this Court has never affirmed the death penalty for a homicide during a burglary unaccompanied by any additional acts of abuse or torture to the victim, where the defendant has no prior record of criminal or violent behavior. Appellant argues that we have consistently reversed death sentences in these types of felony murder cases with or without jury recommendations of life. See Rembert v. State, 445 So.2d 337 (Fla. 1984); Richardson v. State, 437 So.2d 1091 (Fla. 1983); Menendez v. State, 368 So.2d 1278 (Fla. 1979).
The state concedes a murder committed during a residential burglary, without more, does not justify a finding of cold, calculated, and premeditated murder. The state contends, however, that this case is practically identical to, and should be controlled by, Mason v. State, 438 So.2d 374 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). We disagree and find Mason to be clearly distinguishable. In Mason, the defendant also broke into the home of the victim and stabbed her while she lay sleeping. In Mason, however, the state introduced testimony and evidence that Mason was convicted previously of attempted murder and arson. The state also presented evidence that Mason was convicted of raping and robbing a woman, after threatening her with a knife, just two days after the incident for which he was tried, convicted, and sentenced to death. We think that Mason's prior convictions for attempted murder and rape distinguish Mason from the instant case. Here, not only is there no aggravating factor of prior convictions, but the trial judge expressly found that Proffitt's lack of any significant history of prior criminal activity or violent behavior were mitigating circumstances. Co-workers described Proffitt as nonviolent and happily married. He was employed at the time of the offense and was described as a good worker and responsible employee. This testimony was unrefuted. The record also reflects that Proffitt had been drinking; he made no statements on the night of the crime regarding any criminal intentions; there is no record that he possessed a weapon when he entered the premises; and the victim was stabbed only once. Additionally, following the crime, Proffitt made no attempt to inflict mortal injuries on the victim's wife, but immediately fled the apartment, returned home, confessed to his wife, and voluntarily surrendered to authorities. To hold, as argued by the state, that these circumstances justify the death penalty would mean that every murder during the course of a burglary justifies the imposition of the death penalty. We hold that our decisions in Rembert and Menendez require this Court to reduce the sentence to life imprisonment without the opportunity for parole for twenty-five years.
Accordingly, we vacate Proffitt's death sentence and reduce his sentence to life imprisonment without eligibility for parole for twenty-five years.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT and KOGAN, JJ., concur.
EHRLICH, J., concurs specially in result only with an opinion.
ADKINS, J. (Ret.), dissents.
EHRLICH, Justice, concurring specially in result only.
I concur in the result reached by the majority but write separately to emphasize that, as I read the majority opinion, the death sentence is vacated based solely on the conclusion that its imposition would be disproportionate in this case. Compare Rembert v. State, 445 So.2d 337 (Fla. 1984); Menendez v. State, 368 So.2d 1278 (Fla. 1979). Although in its proportionality analysis the majority refers to the aggravating factor of cold, calculated and premeditated, it is my understanding that the *899 majority opinion does not speak to the issue of whether this aggravating circumstance was properly found in this case and should not be read as an analysis of the applicability of this aggravating factor.