579 So.2d 721 (1991)
David YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 72106.
Supreme Court of Florida.
February 28, 1991.
Rehearing Denied May 9, 1991.
*722 William Lasley and Peter Grable, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
David Young appeals his conviction of first-degree murder and sentence of death. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and affirm both the conviction and sentence.
In the early hours of August 31, 1986, Young, twenty years old, picked up three juvenile acquaintances, and the quartet decided to steal a car. Young drove to his home and got a sawed-off shotgun. In response to his companions' questioning taking the gun with them, Young told them that if anyone pointed a gun or shot at him he would shoot back. They found a car *723 they liked in a condominium parking lot in Jupiter, broke into it, and broke the steering column in their attempt to steal it. When they heard someone coming out of one of the apartments, they returned to Young's car. The victim, armed with a handgun, and his son approached Young's car. The victim ordered Young and his companions out of the car and told his son to call the authorities. Young got out of the car, taking the shotgun with him, and lay on the ground.
Young's theory of defense at trial was self-defense, but trial testimony conflicted about whether Young or the victim shot first. Three of the victim's neighbors testified that they were familiar with firearms and that the first and last shots came from a shotgun with pistol shots in between. An off-duty state trooper working nearby as a security guard also testified that shotgun blasts preceded and followed the pistol shots. Two of Young's companions testified that the victim shot first.
The victim suffered separate wounds, to the chest and the lower abdomen, from two separate shotgun blasts. An x-ray showed ninety-seven shotgun pellets in his body. The medical examiner testified that both wounds were potentially lethal, but that the chest wound was "devastating."
After his arrest, Young claimed that one of his companions shot the victim. When confronted with his companions' statements that he did the shooting, however, Young changed his story and admitted that he shot the victim, but claimed self-defense. The state charged Young with first-degree premeditated murder, burglary of a conveyance, and possession of a short-barreled shotgun. The jury convicted Young as charged and recommended that he be sentenced to death. The court did so, finding four aggravating factors (committed during a burglary, committed for pecuniary gain, committed to avoid or prevent arrest, and committed in a cold, calculated, and premeditated manner) and little in mitigation (church activities, ability to conform to prison rules and regulations).
On appeal Young argues that the trial court erred in refusing to suppress his statement because a detective misled him about what crime he would be charged with. The detective who took Young's statement checked with his supervisor and told Young that he thought Young would be charged with second-degree murder and prepared a probable cause affidavit to that effect. He also, however, told Young that the actual charge would be up to the state attorney. As noted before, Young first denied shooting the victim, but then changed his story. After conducting a suppression hearing, the trial court found no improper promises or inducements, but, rather, that Young changed his story because his accomplices told the authorities that Young had shot the victim.
A trial court ruling comes to a reviewing court with a presumption of correctness. Wasko v. State, 505 So.2d 1314 (Fla. 1987). Young has failed to demonstrate error in the refusal to suppress his confession. On the totality of the circumstances, we agree that his companions' failure to substantiate his story, rather than what the detective said, caused Young to change his mind and confess. See Bush v. State, 461 So.2d 936 (Fla. 1984), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986).
Young also challenges the sufficiency of the evidence to convict him of premeditated first-degree murder. Young deliberately armed himself, expressed his willingness to use the shotgun, and took the shotgun with him when he exited the car at the victim's direction. Although conflicting, the jury could, and obviously did, believe the testimony that the first and last shots came from the shotgun, thereby negating the claim of self-defense. Moreover, one of Young's accomplices testified that Young manually reloaded the shotgun after firing it. A firearms expert's testimony corroborated this. That expert testified that, even though it was a semiautomatic shotgun, the automatic ejector did not work and that the weapon had to be manually unloaded and reloaded after each shot before it could be fired again. We find the evidence of premeditation sufficient.
*724 Young's claim that he could not have been convicted of felony murder because he, himself, had no intention to and did not burglarize the car or, in the alternative, that any attempted burglary had been completed and he was only trying to flee the scene is without merit. The car obviously had been entered without the owner's consent and the admitted purpose of the trip to Jupiter was to find a car to steal. "An aider and abettor is responsible for all acts committed by his accomplice in furtherance of the criminal scheme." Hall v. State, 403 So.2d 1321, 1323 (Fla. 1981). The killing culminated this criminal episode. See Roberts v. State, 510 So.2d 885 (Fla. 1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988); Porter v. State, 400 So.2d 5 (Fla. 1981). Thus, the evidence is also sufficient to support a conviction of felony murder.
There is no merit to Young's other arguments regarding the charge of premeditated first-degree murder. Contrary to his contention, the state may proceed on theories of both premeditated and felony murder when only premeditated first-degree murder is charged. Bush; O'Callaghan v. State, 429 So.2d 691 (Fla. 1983). Also, a special verdict form demonstrating which theory the jury based its verdict on is not required. Haliburton v. State, 561 So.2d 248 (Fla.), petition for cert. den., ___ U.S. ___, 111 S.Ct. 2910, ___ L.Ed.2d ___ (1990).
One of the victim's neighbors called 911, and, apparently, shots could be heard on the tape of that call. A detective copied the tape, and the parties agreed that the original reel-to-reel tape would be sent to a federal laboratory for testing and possible enhancement. After that, however, the subject call could not be located on the original tape. Because the original was, therefore, unavailable, the court granted Young's motion to prohibit the state's introducing the copy or mentioning the 911 call in any manner.
Now, Young claims that the state's failure to preserve the original tape of the call denied him access to relevant and material evidence necessary to preparing his defense. Young did not raise this claim at trial, and, therefore, it is not cognizable on appeal. Bertolotti v. Dugger, 514 So.2d 1095 (Fla. 1987). Had this issue been preserved, however, we would find it to have no merit. The neighbor who placed the 911 call testified that the first and last shots came from a shotgun. Young has not shown that the tape would contradict this witness' testimony. Without such a showing, we do not see how the tape would have been material to Young's claim of self-defense. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); James v. State, 453 So.2d 786 (Fla.), cert. denied, 469 U.S. 1098, 105 S.Ct. 608, 83 L.Ed.2d 717 (1984).
Turning to the sentencing portion of the trial, Young claims that the court erred in finding the murder to have been committed to avoid or prevent arrest and to have been committed in a cold, calculated, and premeditated manner. The evidence supports the first-listed factor. The victim instructed his son to call the police, and Young knew he would be arrested when the authorities arrived. By his own admission, he wanted to flee the scene and the victim died trying to keep Young from doing so. Although sufficient to support a conviction of premeditated murder, the evidence does not rise to the level needed to support finding the aggravating factor of cold, calculated, and premeditated.
The court's erroneous finding of committed in a cold, calculated, and premeditated manner, however, is harmless error. Striking that aggravator leaves two valid ones. The court found Young's church activities and his ability to conform to prison rules and regulations in mitigation. As to these items, however, the court stated that they were outweighed by any one aggravating circumstance.
We therefore affirm Young's death sentence and find that sentence proportionate for this murder. Young claims his sentence is disproportionate, but the cases he relies on are distinguishable. E.g., Lloyd v. State, 524 So.2d 396 (Fla. 1988) (one relatively weak aggravator, one strong mitigator); Proffitt v. State, 510 So.2d 896 (Fla. 1987) (one weak aggravator, substantial mitigation); Caruthers v. State, 465 So.2d 496 (Fla. 1985) (one aggravator, one *725 significant mitigator); Rembert v. State, 445 So.2d 337 (Fla. 1984) (one aggravator, considerable mitigating evidence).
The remaining points raised by Young are without merit. Contrary to his contention, trial courts may rely on presentence investigation (PSI) reports. Engle v. State, 438 So.2d 803 (Fla. 1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 753 (1984). The court used evidence of Young's prior adult convictions in sentencing him on the burglary conviction, not the first-degree murder conviction. Moreover, the judge stated that he would not rely on any victim impact evidence contained in the PSI or on Young's juvenile record. The record indicates that the court did, in fact, ignore that material.
Young claims that the court improperly excused seventeen death-scrupled prospective jurors, but identifies only three of those persons. He also argues that the court improperly refused his challenge against a woman he claims would automatically vote for death. The competency of a juror is a mixed question of law and fact to be decided within a trial court's discretion. Davis v. State, 461 So.2d 67 (Fla. 1984), cert. denied, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985). "Manifest error must be shown before a trial court's ruling will be disturbed on appeal." Id. at 70. Our review of the record discloses no such error.
Finally, Young's challenges to the constitutionality and validity of Florida's death penalty statute have been rejected previously. E.g., Van Poyck v. State, 564 So.2d 1066 (Fla. 1990).
There being no reversible error, we affirm Young's conviction of first-degree murder and sentence of death.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only.