PER CURIAM.
Affirmed. As to the issue regarding double jeopardy, the factual predicate for the prior convictions for dealing in stolen property and grand theft involved different conduct at different times than the armed robbery and first degree murder conviction which are the subject of this appeal. See United States v. Felix, — U.S. -, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992); McKinney v. State, 579 So.2d 80 (Fla.1991). Re- *966 gar ding appellant’s claim of lack of notice of the state’s intent to proceed on a felony murder theory where the indictment charged premeditated murder, see Young v. State, 579 So.2d 721 (Fla.1991), cert. denied, — U.S. -, 112 S.Ct. 1198, 117 L.Ed.2d 438 (1992). As to the contention that the court erred in submitting a general verdict, see Haliburton v. State, 561 So.2d 248, 250 (Fla.1990), cert. denied, — U.S. -, 111 S.Ct. 2910, 115 L.Ed.2d 1073 (1991). Finally, we find that any error in the introduction of hearsay testimony was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
STONE, WARNER and POLEN, JJ., concur.