542 So.2d 980 (1989)
Roy Allen HARICH, Appellant,
v.
STATE of Florida, Appellee.
Roy Allen HARICH, Petitioner,
v.
Richard L. DUGGER, Respondent.
Nos. 73930, 73931.
Supreme Court of Florida.
April 20, 1989.
Rehearing Denied June 2, 1989.
Larry Helm Spalding and Billy H. Nolas, Office of the Capital Collateral Representative, Tallahassee, and John Chapman of Kay, Scholer, Fierman, Hays & Handler, New York City, for appellant/petitioner.
Robert A. Butterworth, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee/respondent.
PER CURIAM.
Roy Allen Harich appeals the trial court's denial of his motion for relief pursuant to Florida Rule of Criminal Procedure 3.850, petitions this Court for a writ of habeas corpus, and requests a stay of his execution.[*] For the reasons expressed, we remand to the trial court for an evidentiary hearing on trial counsel's alleged conflict of interest because of his claimed service as a special deputy sheriff in an adjacent county. We direct that the previously entered indefinite stay continue pending resolution of this matter. We affirm the trial court's denial of all other claims raised by Harich in his rule 3.850 motion and deny his petition for habeas corpus relief.
Harich was found guilty of first-degree murder, attempted first-degree murder, use of a firearm during the commission of a felony, and two counts of kidnapping. We affirmed Harich's conviction and death sentence in Harich v. State, 437 So.2d 1082 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984).
The governor signed a death warrant for Harich in March, 1986. Subsequently, Harich filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 and the trial court denied relief. He *981 appealed that decision and petitioned this Court for a writ of habeas corpus. We affirmed the trial court's denial of his rule 3.850 motion in Harich v. State, 484 So.2d 1239 (Fla. 1986), and denied his petition for a writ of habeas corpus in Harich v. Wainwright, 484 So.2d 1237 (Fla.), cert. denied, 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 993 (1986). Harich next sought relief in the federal court system, which granted a stay of execution but eventually denied habeas corpus relief. Harich v. Dugger, 844 F.2d 1464 (11th Cir.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1355, 103 L.Ed.2d 822 (1989).
After the governor signed a second death warrant in March, 1989, Harich filed a second motion for relief pursuant to rule 3.850. After the trial court denied relief, Harich appealed and also filed with this Court a petition for a writ of habeas corpus, raising the following contentions: (1) that a conflict of interest existed by the failure of Harich's trial counsel to reveal to Harich that he served as a special deputy sheriff in an adjacent county at the same time he represented Harich, and that trial counsel's service as a special deputy sheriff resulted in his providing Harich ineffective assistance at trial; (2) that Harich was denied due process because his death sentence was premised on the false assumption that he had committed sexual battery; (3) that the principles of Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), were violated; (4) that the mental health expert at the time of trial conducted an incompetent evaluation of Harich; (5) that counsel was ineffective because Harich was sentenced to death despite the existence of both statutory and nonstatutory mitigating factors concerning Harich's mental health; (6) that the jury instructions given during the penalty phase improperly shifted the burden of proof, requiring Harich to prove that a death sentence was an inappropriate penalty under the circumstances; (7) that this Court's decision in Rogers v. State, 511 So.2d 526 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988), and the United States Supreme Court's decision in Maynard v. Cartwright, ___ U.S. ___, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), mandate a new sentencing proceeding because limiting instructions were not given to the jury concerning the cold, calculated, and premeditated aggravating circumstance; and (8) that the heinous, atrocious, and cruel aggravating circumstance was improperly applied in light of Maynard.
We find that the allegations in Harich's rule 3.850 motion concerning trial counsel's alleged service as a special deputy sheriff are sufficient to require an evidentiary hearing with regard to counsel's duties as a special deputy sheriff and whether this relationship to law enforcement affected his ability to provide effective legal assistance to Harich. We also conclude that, as a result of the unusual factual allegations in this case, it may be that this issue could not have been discovered previously through due diligence and that, as a consequence, our procedural default rule would be inapplicable.
We find that the remaining contentions, with the exception of the Hitchcock and Rogers claims, concern matters that Harich knew or should have known at trial or upon filing his initial rule 3.850 motion. Consequently, those claims are procedurally barred. See Tafero v. State, 524 So.2d 987 (Fla. 1987); Witt v. State, 465 So.2d 510 (Fla. 1985).
With regard to the Hitchcock claim, we find no violation. At trial, the jurors were instructed that they could consider the enumerated statutory mitigating factors and "any other aspect of defendant's character or record and any other circumstances of the offense." In this cause, nonstatutory mitigating evidence was presented to both the jury and the judge. It should be noted that the trial judge's failure to articulate in his sentencing order what weight he was giving to the nonstatutory evidence does not constitute a Hitchcock violation. In fact, the issue of whether the trial judge considered the nonstatutory evidence was before this Court in Harich's initial appeal. See Harich, 437 So.2d at 1082 (McDonald, J., dissenting).
*982 We also reject Harich's claim that our decision in Rogers v. State, 511 So.2d 526 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988), represents a fundamental change of the law, requires retroactive application, and mandates a new sentencing proceeding. See Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). In Eutzy v. State, 541 So.2d 1143 (Fla. 1989), we recently rejected this contention and held that our decision in Rogers was not a fundamental change in the law but was merely an "`evolutionary refinement' in the law `arising from our case-by-case application of Florida's death penalty statute.'" Id., 541 So.2d at 1147 (citing Witt v. State, 387 So.2d 922, 929-30 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980)). We reaffirm our holding in Eutzy.
In accordance with the views expressed in this opinion, we remand this cause for an evidentiary hearing on the conflict-of-counsel claim and direct that the hearing take place within sixty days from the date this opinion becomes final. We grant the stay of execution pending resolution of this issue and deny all other relief.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT and KOGAN, JJ., concur.
OVERTON, J., dissents with an opinion, in which McDONALD and GRIMES, JJ., concur.
OVERTON, Justice, dissenting.
I find that Harich's conflict-of-counsel issue should be rejected on the grounds of a procedural default. Nothing in the record indicates why this allegation could not have been discovered before the first rule 3.850 motion was filed in 1986. By allowing this claim to be made, the majority is making a mockery out of the two-year limitation and the restriction on multiple postconviction motions.
Further, I would conclude that Harich should lose on the merits of this claim. The fact that trial counsel was a special deputy sheriff in an adjacent county and an adjacent circuit does not result in a per se conflict of interest any more than if he had been a member of his neighborhood crime watch. The real question is whether counsel performed effectively while representing Harich. I see no justifiable claim of ineffectiveness in this proceeding. In fact, in reviewing the effectiveness of Harich's trial counsel, the Eleventh Circuit Court of Appeals noted, "Indeed, we think that the lawyer was above average if not outstanding in representing his client in this case." Harich v. Dugger, 844 F.2d 1464, 1471 n. 6 (11th Cir.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1355, 103 L.Ed.2d 822 (1989).
Consequently, I would affirm the trial court's denial of Harich's second rule 3.850 motion, deny his petition for a writ of habeas corpus, and deny his request for a stay of execution.
McDONALD and GRIMES, JJ., concur.
NOTES
[*] We have jurisdiction. Art. V, § 3(b)(1) and (9), Fla. Const.