580 So.2d 135 (1991)
Ted HERRING, Appellant,
v.
STATE of Florida, Appellee.
No. 75209.
Supreme Court of Florida.
May 2, 1991.
Rehearings Denied June 12, 1991.
*136 Jon M. Wilson of Foley & Lardner, Van Den Berg, Gay, Burke, Wilson & Arkin, Orlando, and Jeremy G. Epstein, Dennis P. Orr, David Sorokoff and Alan S. Goudiss of Shearman & Sterling, New York City, for appellant.
Robert A. Butterworth, Atty. Gen. and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Ted Herring appeals the trial court's denial of his motion for postconviction relief under rule 3.850, Florida Rules of Criminal Procedure. The motion sets forth two claims: (1) that our decision in Rogers v. State, 511 So.2d 526 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988), receding from the application of the cold, calculated, and premeditated aggravating factor, as we applied it in Herring's direct appeal,[1] requires a vacation of Herring's death sentence; and (2) that Herring's trial counsel's appointment as a special deputy sheriff resulted in ineffective assistance of counsel in Herring's trial proceeding.[2] For the reasons expressed, we affirm the denial of relief on the first claim and remand to the trial court for an evidentiary hearing on the second claim.
This case has an extensive history before this Court. In 1981, Herring was charged with the murder of a convenience store clerk. We affirmed Herring's conviction for first-degree murder and his sentence of death in Herring v. State, 446 So.2d 1049 (Fla. 1984) [Herring I]. The facts are detailed in that opinion. In affirming that sentence, we held that the trial judge properly found four aggravating circumstances: (1) that Herring had previously been convicted of another armed robbery; (2) that the murder was committed while engaged in the commission of a robbery; (3) that the murder was committed for the purpose of avoiding lawful arrest; and (4) that the *137 murder was committed in a cold, calculated, and premeditated manner. In doing so, we expressly discussed the application of this last aggravating factor in that opinion. We also agreed with the trial judge that the following mitigating factors were present: (1) that Herring was nineteen years old at the time of the crime; (2) that he had a low intelligence quotient and learning disabilities; and (3) that he had had a difficult childhood.
In 1985, Herring filed a motion to vacate judgment and sentence under rule 3.850. The trial court denied the motion and we affirmed. Herring v. State, 501 So.2d 1279 (Fla. 1986) [Herring II]. Subsequently, in 1987, Herring filed a petition for writ of habeas corpus, claiming that his appellate counsel rendered ineffective assistance. This Court denied relief in Herring v. Dugger, 528 So.2d 1176 (Fla. 1988) [Herring III].
In 1988, Herring filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Florida. In his petition, Herring asserted that this Court's decision in Rogers required vacation of Herring's death sentence. Herring claimed that, since Rogers expressly overrules the application of the cold, calculated, and premeditated aggravating circumstance in our decision in Herring I, he is entitled to a new sentencing hearing. The state moved to dismiss Herring's petition because this issue had not been heard by a state court. Herring consented to the state's motion and filed the present motion under rule 3.850, asserting that our decision in Rogers was a change in the law. The trial court denied the motion on this ground, holding:
[T]his matter is procedurally defaulted in that it is untimely presented in violation of the filing deadline set forth in Florida Rule of Criminal Procedure 3.850 and constitutes an abuse of the writ. As noted by the Florida Supreme Court in Eutzy v. State, [541 So.2d 1143 (Fla. 1989)], its decision in Rogers v. State, 511 So.2d 526, 533 (Fla. 1987), restricting the applicability of the cold, calculated, and premeditated aggravating factor was not a fundamental change in the law which "should be given retroactive effect" but was a mere "evolutionary refinement" in the law which should not be utilized to abridge the finality of judgments.
After so holding, the trial court allowed Herring to amend his 3.850 motion to assert an additional claim regarding his trial counsel's undisclosed conflict of interest. In that claim, Herring asserted that Howard Pearl, an assistant public defender of Volusia County and chief of the capital division, who had been appointed as his trial counsel, was also serving as a special deputy sheriff in Marion County while he represented Herring. Herring contends that, although Pearl had held this position for more than fifteen years, he had never disclosed this fact to Herring. Herring claims that Pearl's undisclosed conflict of interest presumptively denied him effective assistance of counsel and entitles him to a new trial. In considering this part of the motion, the trial court denied relief without an evidentiary hearing, stating:
1. The Defendant's motion relies entirely upon the same factual assertions and legal argument presented to and rejected by this court after evidentiary hearing in State of Florida vs. Roy Allen Harich, Case Number 81-1894-BB; in fact, the Harich case as well as the appendices submitted in support of the Harich motion are incorporated by reference in this Defendant's motion... . [T]he Defendant's motion merely restates the factual allegations of Harich's motion (most of which have already been rejected by this court in its order denying relief in Harich's case) and no new factual allegations or legal argument are presented in support of the special deputy sheriff/actual conflict of interest issue first raised by Harich and now regurgitated by every capital defendant who was represented by Assistant Public Defender Howard Pearl. Accordingly, for the same reasons outlined in this court's order denying relief in Harich and for the reasons outlined in the State's Rule 3.850 response, the instant motion is denied... .

*138 2. The various substantive allegations of conflict of interest raised in the Harich petition and now duplicated by the defendant were rejected in Harich. This court's factual and legal conclusions in Harich necessarily control in this case especially given the lack of any additional factual allegations in support of his claim by the defendant. The issues presented having already been fully and fairly litigated in the Harich proceeding, and this court having already determined as a matter of fact and law that Howard Pearl was not a regular deputy sheriff but was in fact a "special" or "honorary" deputy sheriff in Marion County for the sole purpose of permitting him to carry a firearm and that that status did not create a conflict of interest in his position as an assistant public defender in Volusia County, the instant motion is summarily denied.

PART I

Invalid Aggravating Factor
With regard to Herring's first claim, we find that our Rogers decision does not mandate relief under the circumstances of this case. There were four aggravating factors found applicable to this murder: (1) prior conviction of another armed robbery; (2) that the murder was committed while engaged in the commission of a robbery; (3) that the murder was committed for the purpose of avoiding lawful arrest; and (4) the aggravating circumstance in issue, that this murder was committed in a cold, calculated, and premeditated manner. As noted by this Court in Eutzy v. State, 541 So.2d 1143, 1147 (Fla. 1989), our decision in Rogers, restricting the applicability of the cold, calculated, and premeditated aggravating factor, was not a fundamental change in the law that should be given retroactive effect but was "a mere evolutionary refinement in the law," which should not be utilized to abridge the finality of our judgments. Although we have held in Eutzy that Rogers is not retroactive, we have chosen to address this issue on the merits because we expressly receded from our approval of the cold, calculated, and premeditated aggravating factor in Herring I in our Rogers decision.
While the cold, calculated, and premeditated aggravating factor no longer applies to the circumstances in Herring, we find that this is not a change that requires a new sentencing hearing in this case. None of the facts and circumstances that were before the jury regarding how Herring committed the murder are changed. If the aggravating circumstance of a "conviction of a prior crime of violence" had been eliminated, that would have changed the facts and circumstances before the jury.
The evidence before the jury established that Herring shot the clerk once in the head and again after the clerk fell to the floor and that the second shot was to prevent the clerk from being a witness against him. Herring I at 1057. Given the other aggravating and mitigating factors that went into the weighing process in the sentencing phase of this case, we find that the result of the weighing process would not have been different had this aggravating circumstance not been articulated as a factor in the sentencing. We find that the elimination of this factor, under the circumstances of this case, does not compromise the weighing process of either the judge or jury. See Hill v. State, 515 So.2d 176 (Fla. 1987), cert. denied, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988).

PART II

Ineffective Assistance of Counsel
With regard to Herring's public defender's service as a special deputy, we hold that due process principles require an evidentiary hearing. In Harich v. State, 542 So.2d 980 (Fla. 1989), we found that this same public defender's service as a special deputy was sufficient to require an evidentiary hearing on the issue of whether his relationship to law enforcement officials affected his ability to provide effective legal assistance. After the evidentiary hearing in Harich, the trial judge made detailed findings of fact and denied relief. We affirmed the trial judge, holding that the fact that this public defender was a special deputy *139 in an adjacent jurisdiction, particularly given the circumstances of the duties and status of such deputy sheriff, did not result in a per se conflict of interest. Harich v. State, 573 So.2d 303 (Fla. 1990).
The trial judge in this case concluded that it was not necessary to duplicate the evidentiary hearing regarding this issue because he had previously made factual findings on this identical issue in Harich. We find that due process principles do not allow the trial judge to adopt factual findings made in a prior case involving a different defendant, even though it concerns the same issue. Herring must be afforded an opportunity to present evidence and examine and cross-examine witnesses on this issue. Although we recognize that the evidence presented may be duplicative, due process requires that Herring be afforded an opportunity for a hearing on this matter. If other defendants raise this same claim, however, we find that it would be proper for the chief judge to consolidate the cases for one hearing on this single issue.
Accordingly, we remand this cause to the trial judge to have an evidentiary hearing to determine whether Herring's public defender's service as a special deputy sheriff affected his ability to provide effective legal assistance. We deny relief on all other grounds.
It is so ordered.
SHAW, C.J., and OVERTON, GRIMES and McDONALD, JJ., concur as to Part I.
BARKETT and KOGAN, JJ., dissent as to Part I.
SHAW, C.J., and OVERTON, BARKETT, GRIMES and KOGAN, JJ., concur as to Part II.
McDONALD, J., dissents as to Part II.
McDONALD, J., concurs in part and dissents in part with an opinion.
BARKETT, J., concurs in part and dissents in part with an opinion, in which KOGAN, J., concurs.
McDONALD, Justice, concurring in part, dissenting in part.
I would approve the trial judge's order denying relief in full. I have never felt that the alleged claim of a conflict of interest by the assistant public defender, simply because he was an honorary deputy sheriff in an adjoining county, had adequate merit to require an evidentiary hearing on this issue.
BARKETT, Justice, concurring in part, dissenting in part.
I agree that Herring is entitled to a hearing on the conflict-of-interest question. However, I would also require, at the very least, a new sentencing hearing. I am dubious about the reliability and proportionality of a death sentence under the circumstances presented here and under current law. As the majority notes, Herring was nineteen years old at the time of the crime; he had a low IQ; a learning disability; and an abused childhood. These were all deemed to be mitigating circumstances. On the other hand, we have found that the weightiest aggravating circumstance, that of cold, calculated, and premeditated murder, is no longer valid in this case. With the remaining aggravating circumstances weighed against the significant mitigating factors and the fact that this robbery/murder differs little from many others wherein the death penalty was deemed inappropriate, I would remand for a new sentencing hearing.
KOGAN, J., concurs.
NOTES
[1] Herring v. State, 446 So.2d 1049 (Fla.), cert. denied, 469 U.S. 989, 105 S.Ct. 396, 83 L.Ed.2d 330 (1984).
[2] We have jurisdiction. Art. V, § 3(b)(1) Fla. Const.