584 So.2d 5 (1991)
Roy Clifton SWAFFORD, Petitioner,
v.
Harry K. SINGLETARY, Jr., etc., Respondent.
No. 77872.
Supreme Court of Florida.
August 15, 1991.
Larry Helm Spalding, Capital Collateral Representative, Martin J. McClain, Chief Asst. CCR and Jerrel E. Phillips, Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Barbara Davis, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
Roy Swafford, a prisoner on death row, petitions this Court for writ of habeas corpus,[1] alleging that one of his trial attorneys, Howard Pearl, had a conflict of interest because he was also a special deputy sheriff while he represented Swafford. Several other prisoners who had been represented by Pearl have raised this same issue, and we have remanded for evidentiary hearings on their claim. Wright v. State, 581 So.2d 882 (Fla. 1991); Herring v. State, 580 So.2d 135 (Fla. 1991); Harich v. State, 542 So.2d 980 (Fla. 1989).[2] Notwithstanding the fact that this claim should be raised in the trial court through a motion for postconviction relief,[3] we find that no relief is warranted. Swafford raised this issue in a postconviction motion, and the trial court denied it without an evidentiary hearing. On appeal we affirmed because Pearl's "involvement in the case was minimal and Swafford could not have been prejudiced." Swafford v. Dugger, 569 So.2d 1264, 1267 (Fla. 1990). Pearl's minimal participation in Swafford's representation distinguishes this case from Wright, Herring, and Harich. Therefore, we find no merit in Swafford's claim and deny his petition.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
[2] This Court affirmed the trial court's holding, after an evidentiary hearing, that Pearl had not had a conflict of interest when representing Harich. Harich v. State, 573 So.2d 303 (Fla. 1990), petition for cert. filed (U.S. Apr. 23, 1991) (no. 90-7789).
[3] Resolution of the merits of this issue would require an evidentiary hearing. Therefore, it is more properly raised in the trial court and is not cognizable in a petition for writ of habeas corpus filed with this Court.