Gerald Eugene STANO, Petitioner–
Appellant, Cross–Appellee,

v.

Harry K. SINGLETARY, Secretary, Florida Department of Corrections, Respondent–Appellee, Cross–Appellant.

No. 88–3375.

United States Court of Appeals,
Eleventh Circuit.

Jan. 22, 1992.

Mark E. Olive, Atlanta, Ga., for petitioner-appellant, cross-appellee.

Margene A. Roper, Belle Turner, Asst. Attys. Gen., Daytona Beach, Fla., for respondent-appellee, cross-appellant.

Before TJOFLAT, Chief Judge, FAY, Circuit Judge, and JOHNSON, Senior Circuit Judge.

ORDER:

Appellant/cross-appellee moves this court (1) to remand his appeal to the United States District Court for the Middle District of Florida, or (2) to hold proceedings in abeyance pending determination of state remedies.[1] Appellant/cross-appellee asserts that his trial counsel, Howard Pearl, experienced a conflict of interest not known to appellant/cross-appellee until af-

---

1. Although appellant/cross-appellee, in the heading of his motion, asks us to hold proceedings in abeyance pending determination of state remedies, he subsequently, on page 12 of his motion, seeks treatment "similar" to that accorded the petitioner in *Quince v. Dugger,* No. 86–685–CIV–ORL–19, where we remanded the case to the district court.

ter the district court's disposition of his petition for writ of habeas corpus. After we reviewed some, but not all, claims appellant/cross-appellee raises on appeal from the denial of his petition for habeas corpus relief, *Stano v. Dugger*, 921 F.2d 1125 (11th Cir.1991) (en banc), the Florida Supreme Court ruled that defendants who were represented by Howard Pearl are entitled to an evidentiary hearing on this conflict of interest issue in state court, *Herring v. State*, 580 So.2d 135, 139 (Fla.1991).

We grant appellant/cross-appellee's motion for remand and vacate the judgment of the district court, except as to the portion of the judgment affirmed in *Stano v. Dugger*, 921 F.2d 1125 (11th Cir.1991) (en banc). We further remand this case to the district court for the Middle District of Florida with the following instructions:

    (a) Appellant/cross-appellee shall be offered the opportunity to amend his petition for writ of habeas corpus with the admission of the claim based upon alleged conflict of interest of defense counsel at trial.

    (b) If exhaustion of state remedies with respect to this claim is required, the district judge may set a time following exhaustion within which the proposed amendment must be tendered.[2] If exhaustion is not required, the district judge may fix a time after remand within which the proposed amendment shall be tendered.

This court does not pass upon or adjudicate any defenses which the State may wish to assert under Rule 9, Rules Governing Section 2254 Cases, against the claims contemplated by the proposed amendment.

IT IS SO ORDERED.

---

**2.** Pursuant to a similar order in *Quince v. Dugger*, No. 86–685–CIV–ORL–19, the United States District Court for the Middle District of Florida, on October 26, 1990, administratively closed the case pending determination of state remedies.