636 So.2d 1309 (1994)
Roy Clifton SWAFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 80192.
Supreme Court of Florida.
April 7, 1994.
Rehearing Denied June 1, 1994.
Michael J. Minerva, Capital Collateral Representative, Martin J. McClain, Chief Asst. Capital Collateral Representative, and Kenneth D. Driggs, and Harun Shabazz, Asst. Capital Collateral Representatives, Office of the Capital Collateral Representative, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Roy Swafford, a prisoner on death row appeals the trial court's denial of his second motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.P. 3.850. We affirm the trial court's action.
A jury convicted Swafford of the first-degree murder and sexual battery of an employee he abducted from a gas station and recommended that he be sentenced to death, which the trial court did. This Court affirmed the convictions and sentence. Swafford v. State, 533 So.2d 270 (Fla. 1988), cert. denied, 489 U.S. 1100, 109 S.Ct. 1578, 103 L.Ed.2d 944 (1989). On September 7, 1990 Governor Martinez signed a death warrant *1310 on Swafford, setting his execution for November 13. On October 15 Swafford filed his first rule 3.850 motion.[1] Circuit Judge Kim Hammond held a preliminary hearing on October 24, 1990 and, on October 30, summarily denied the motion without an evidentiary hearing. This Court entered a temporary stay and then affirmed the trial court and denied Swafford's petition for writ of habeas corpus. Swafford v. Dugger, 569 So.2d 1264 (Fla. 1990).[2] In May 1991 Swafford filed a second habeas petition, arguing the alleged conflict of interest of one of Swafford's trial attorneys, Howard Pearl, which this Court denied. Swafford v. Singletary, 584 So.2d 5 (Fla. 1991).
In November 1991 Swafford filed a second rule 3.850 motion.[3] Judge Hammond summarily denied the second motion without an evidentiary hearing in May 1992. After Judge Hammond denied Swafford's motion for rehearing and for disqualification, Swafford appealed the denial of relief to this Court and also moved for relinquishment of jurisdiction, arguing the need for an evidentiary hearing on whether Swafford's other trial counsel, Ray Cass, had a conflict of interest and on whether Judge Hammond engaged in improper ex parte communication with the state when he directed the attorney general's office to prepare the orders denying relief in October 1990 and May 1992. In January 1993 this Court granted Swafford's motion to relinquish jurisdiction and in March clarified the relinquishment: "The purpose of the relinquishment is to allow expansion of the record on appeal to include an evidentiary hearing on the status of Mr. Swafford's trial counsel, Ray Cass, as a special deputy sheriff and Mr. Swafford's claim that ex parte communication occurred between the State and the trial judge."
On March 29, 1993 Circuit Judge R. Michael Hutcheson held an evidentiary hearing pursuant to this Court's order. The following witnesses testified on the ex parte communication issue: 1) Judge Hammond stated that, although time had dimmed his recollection of this case, he, alone, decided how to rule in cases, after which he instructed his staff to contact the parties and request proposed orders; 2) Barbara Davis, assistant attorney general, said that Randy Rowe, Hammond's law clerk, called her after the October 24, 1990 hearing, that he told her what changes to make in her previously filed order, and that they did not discuss the merits and, after the second rule 3.850 motion had been filed, that Rowe called her and requested a proposed order setting out the state's position; 3) Jerome Nickerson, former assistant capital collateral representative (CCR), testified that he never received personal notice from Rowe that Judge Hammond requested the state to prepare an order after the October 1990 hearing; 4) two CCR secretaries said that telephone messages to the CCR office were always given to the person being telephoned; 5) Sean Daly, former assistant attorney general, current assistant state attorney in the seventh circuit, testified that, from what he remembered of the case, Davis asked him to prepare the 1992 requested proposed order and that in his experience, if the person called at CCR were not in, a telephone call was usually not returned; and 6) Randy Rowe, Judge Hammond's law clerk, stated that for the 1990 order he called the attorney general's office *1311 to request the order and CCR to notify that office of the request, that he always called both sides when the judge wanted an order, and that he never discussed the merits of any requested orders with the parties.
On the conflict of interest claim Ray Cass testified that he received a deputy's card from former Sheriff Duff between 1968 and 1971, that he thought the card was merely a goodwill gesture, that he never thought the card was worth anything or that it made him a deputy, that he stopped carrying the card in 1973, and that he told CCR about the card in 1990. The current sheriff's secretary, who had worked for Sheriff Duff, showed her card to the court and testified that Duff gave them to everyone, including babies and the secretary's five- and seven-year-old nephews.
Swafford raises the following issues on appeal: 1) the second 3.850 motion should not have been denied summarily; 2) Judge Hammond should have disqualified himself because of ex parte communications; 3) chapter 119 violations occurred; 4) Brady violations occurred; 5) counsel was ineffective at the guilt phase; 6) newly discovered evidence establishes Swafford's innocence; 7) counsel was ineffective at the penalty phase; 8) there were constitutionally invalid penalty instructions and the improper application of aggravators; and 9) Ray Cass had a conflict of interest. Swafford relies on Huff v. State, 622 So.2d 982 (Fla. 1993), and Rose v. State, 601 So.2d 1181 (Fla. 1992), in arguing issues 1 and 2, but those cases are factually distinguishable from the instant one. Rose changed counsel during the pendency of a postconviction motion and, it appears from the opinion, that he received no hearing on his motion at all. Similarly, the trial court denied Huff's motion without any hearing. Such is not the case here, however, where Judge Hammond listened to the parties in October 1990 and subsequently decided that an evidentiary hearing was not needed.[4]
Judge Hammond then simply requested the state to prepare an order. No discussions on the merits of the case were held ex parte. This matter needed to be disposed of in a timely manner and we hold that no improper ex parte communications occurred. Judge Hammond did not err in refusing to disqualify himself. Swafford had the opportunity to, and did, argue against the correctness of the order denying postconviction relief in a motion for rehearing.
As noted earlier, we affirmed the summary denial of the first rule 3.850 motion. Summary denial of the second motion was also proper. Francis v. Barton, 581 So.2d 583 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 2879, 115 L.Ed.2d 1045 (1991). Thus, issues 3[5] through 8 are procedurally barred because they were or could have been raised previously. Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), claims are cognizable in postconviction proceedings if they have been preserved, but Swafford did not preserve the claims he now makes, and they are procedurally barred.
Finally, there is no merit to issue 9. The record shows that Cass had no conflict of interest due to his having been given a deputy sheriff's card by a previous sheriff. Cf., Harich v. State, 573 So.2d 303 (Fla. 1990),[6]cert. denied, 499 U.S. 985, 111 S.Ct. 1645, 113 L.Ed.2d 740 (1991).
Therefore, we affirm the trial court's denial of Swafford's second motion for postconviction relief.
It is so ordered.
*1312 BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] That first postconviction motion raised the following issues: 1) presentation of false evidence; 2) violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); 3) ineffective assistance at guilt phase; 4) ineffective assistance at penalty phase; 5) Howard Pearl's conflict of interest; 6) conflict of interest from a prior public defender's representation of both Swafford and a witness against him; 7) excessive security measures at trial; 8) violation of Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988); 9) violation of Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987); 10) no independent weighing by trial court; 11) burden shift in instructions; 12) violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); 13) sexual battery not proved; 14) cold, calculated aggravator not proved; 15) heinous, atrocious aggravator instruction insufficient and aggravator not proved; and 16) violation of Florida Rule of Criminal Procedure 3.851.
[2] A federal appellate court later granted a stay.
[3] The motion raised the following issues: 1) violation of chapter 119, Florida Statutes; 2) Brady violation; 3) ineffective assistance at guilt phase; 4) factual innocence; 5) Pearl's conflict of interest; 6) ineffective assistance at penalty phase; and 7) cumulative errors.
[4] That the state suggested that an evidentiary hearing might be needed is not dispositive of the actual need for one because that determination is to be made by the trial court.
[5] At the October 1990 hearing Nickerson said that everything he had requested under chapter 119 had been disclosed except for some things from the Ormond Beach Police Department and the seventh circuit state's attorney office. Representatives of those offices were present with their records. Judge Hammond inspected them and turned over everything but the officers' personal notes. Nickerson then said that the fourteenth circuit state's attorney office had complied and that he was satisfied with the chapter 119 disclosures.
[6] This claim is also time barred. See Agan v. State, 560 So.2d 222 (Fla. 1990); Demps v. State, 515 So.2d 196 (Fla. 1987).