PER CURIAM.
The trial court granted the defendant’s motion to suppress solely based on its conclusion that he should have been given a second set of Miranda warnings before he was questioned on unrelated cases. This conclusion was erroneous. The failure of law enforcement officials to inform a suspect in custody of the subject matter of the interrogation, i.e., what offenses he or she will be questioned about, does not affect the suspect’s decision to waive the Fifth Amendment privilege in any constitutionally significant manner. See Colorado v. Spring, 479 U.S. 564, 576, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987). Thus, where a suspect is brought into custody on one criminal charge and waives his or her Miranda rights, police officials may question the suspect about unrelated crimes without readministering the Miranda rights. Id. at 576, 107 S.Ct. 851; see Herring v. Dugger, 528 So.2d 1176, 1178 (Fla.1988) (stating that “a warning and waiver of rights given following the arrest for a criminal offense is sufficient to cover any later statements to a law enforcement officer concerning other criminal offenses”). Accordingly, the trial *1181 court’s order is reversed and this case remanded for further proceedings.
REVERSED AND REMANDED.
DELL, GUNTHER and KLEIN, JJ., concur.