769 So.2d 432 (2000)
Lazaro PADRON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2061.
District Court of Appeal of Florida, Second District.
September 20, 2000.
*433 PER CURIAM.
Lazaro Padron appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Padron seeks to have his convictions for conspiracy to commit robbery with a firearm, attempted robbery with a firearm, and first-degree murder set aside because of newly discovered evidence. The newly discovered evidence is the recantation of testimony by one of the State's witnesses against Padron. The trial court denied the motion, finding that the evidence was not newly discovered and that the new testimony of the witness would not have produced an acquittal at trial. We reverse and remand.
The witness who has recanted his testimony is Jorge Gonzalez, a co-defendant who entered a plea to the charges against him, and who actually shot the murder victim. The trial court determined Gonzalez' recantation was not newly discovered because Padron's trial counsel argued to the jury that Gonzalez was lying, and because Padron's counsel brought out on cross-examination that Gonzalez had previously told trial counsel that Padron was innocent and had made the same statements to Padron's family. Apparently, although it is not clear from the record, Gonzalez stated at trial that he had made these statements because he had been threatened. In his recantation, Gonzalez stated that he had not been threatened at the time of the trial.
To be considered as newly discovered evidence, the "evidence `must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence.'" Jones v. State, 709 So.2d 512, 521(Fla.1998) (quoting Torres-Arboleda v. Dugger, 636 So.2d 1321, 1324-25 (Fla.1994)). Because Gonzalez' recantation had not been made at the time of trial, it could not have been known or discovered at the time of his trial. His apparent inconsistent statements to Padron's family and counsel, while giving trial counsel fodder with which to attempt to impeach Gonzalez' credibility, are qualitatively different from his recantation which demonstrates a willingness to publicly disavow Padron's participation in the entire criminal episode. Gonzalez' recantation meets the standard for newly discovered evidence. See Roberts v. State, 678 So.2d 1232, 1235 (Fla.1996). The trial court's conclusion to the contrary was error.
Once evidence is determined to be newly discovered, it must be admissible and it "must be of such a nature that it would probably produce an acquittal on retrial." Jones, 709 So.2d at 521 (citation omitted). The trial court analyzed the record and determined that Gonzalez' recantation would not produce an acquittal for Padron in light of the other evidence against him. Most of the documents the trial court reviewed and cited were not attached to its order, making it impossible for this court to provide meaningful review of the determination. Upon remand, if the trial court once again determines that Gonzalez' recantation would not have produced an acquittal for Padron, it should attach the documents upon which it relies to make this determination.
Reversed and remanded.
BLUE, A.C.J., and GREEN and STRINGER, JJ., Concur.