909 So.2d 922 (2005)
David HUFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-510.
District Court of Appeal of Florida, Second District.
July 20, 2005.
Rehearing Denied September 12, 2005.
FULMER, Judge.
David Huffman appeals the trial court's denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Although we affirm the denial of Huffman's motion, we write to explain why the appeal was entertained notwithstanding the holding in Huffman v. Singletary, 696 So.2d 788, 789 (Fla. 2d DCA 1997) ("[W]e direct the clerk of this court to reject for filing all notices of appeal and petitions for extraordinary relief arising out of Huffman's 1986 convictions.").
In 2001, Huffman once again challenged his 1986 convictions by filing a motion for postconviction DNA testing pursuant to Florida Rule of Criminal Procedure 3.853, which the trial court summarily denied. On appeal, this court reversed and remanded the case for further proceedings, excepting from the holding in Huffman "those challenges to Huffman's convictions premised upon rule 3.853." See Huffman v. State, 837 So.2d 1147, 1147 n. 1 (Fla. 2d DCA 2003). On remand, the trial court granted Huffman's rule 3.853 motion and ordered DNA testing of the collected evidence.
On August 24, 2004, Huffman filed the present rule 3.850 motion, alleging that the DNA test results were newly discovered evidence entitling him to a new trial. Under rule 3.850(b)(1), a claim of newly discovered evidence requires that the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been *923 ascertained by the exercise of due diligence. In addition, the newly discovered evidence must be admissible and it "must be of such a nature that it would probably produce an acquittal on retrial." Padron v. State, 769 So.2d 432, 433 (Fla. 2d DCA 2000) (quoting Jones v. State, 709 So.2d 512, 521 (Fla.1998)).
The trial court denied Huffman's motion for postconviction relief because the DNA test results reflect that Huffman "was a contributor to three separate instances of DNA evidence obtained from the original evidence in the case." Because the DNA evidence is not of such a nature that it would probably produce an acquittal on retrial, the trial court properly denied Huffman's motion.
This court's previous prohibition against the filing of any further pro se attacks by Huffman involving his 1986 convictions is reinstated and is expanded to include attacks pursuant to rule 3.853.
Affirmed.
VILLANTI and LaROSE, JJ., Concur.