946 So.2d 1060 (2006)
Roy Clifton SWAFFORD, Appellant,
v.
STATE of Florida, Appellee.
No. SC06-242.
Supreme Court of Florida.
December 21, 2006.
Neal Dupree, Capital Collateral Regional Counsel, Southern Region, Terri L. Backhus, Assistant CCRC and Celeste Bacchi, Staff Attorney, Fort Lauderdale, FL, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL and Barbara C. Davis, Assistant Attorney General, Daytona Beach, FL, for Appellee.
PER CURIAM.
This case is before the Court on appeal from a circuit court order following DNA testing under Florida Rule of Criminal Procedure 3.853. This Court has jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution.
Roy Clifton Swafford was convicted of first-degree murder and sexual battery and sentenced to death. The facts of this case are set out fully in our opinion affirming the convictions and death sentence on direct appeal. Swafford v. State, 533 So.2d 270, 271 (Fla.1988). We have since affirmed the denial of Swafford's three post-conviction motions and have denied various petitions for writs of habeas corpus. Swafford v. State, 828 So.2d 966 (Fla.2002); Swafford v. State, 636 So.2d 1309 (Fla. 1994); Swafford v. Singletary, 584 So.2d 5 (Fla.1991); Swafford v. Dugger, 569 So.2d 1264 (Fla.1990).
Swafford filed a fourth motion for postconviction relief, and he filed a motion for DNA testing pursuant to Florida Rule of Criminal Procedure 3.203 on October 9, 2002. The circuit court denied the motion for DNA testing and dismissed the motion for postconviction relief. Swafford appealed the two orders separately in Case Nos. SC03-931 and SC03-1153. On March 26, 2004, we remanded the DNA testing case to the circuit court for further proceedings, see Swafford v. State, 871 So.2d 874 (Fla. 2004) (No. SC03-931) (table report of unpublished order), in an order stating:

*1061 Appellant Roy Clifton Swafford appeals an amended order denying his motion for DNA testing under Florida Rule of Criminal Procedure 3.853. We have jurisdiction. See Art. V, § 3(b)(1), Fla. Const.
The amended order is reversed, and this case is remanded to the circuit court with directions that the circuit court hold an evidentiary hearing to determine which pieces of evidence that appellant moved to have tested are capable of being tested for DNA. The evidence which the Court determines to be capable of being tested is to be tested pursuant to Florida Rule of Criminal Procedure 3.853[c](7). The results of the tests shall be provided in writing pursuant to rule 3.853[c](8). The circuit court shall then enter an order making findings as to whether the evidence which was tested is authentic, has been contaminated, or such other findings in respect to the tested evidence as the circuit court determines to be appropriate.
We reversed the order dismissing the motion for postconviction relief, remanding for further proceedings following the trial court's ruling on the motion for DNA testing. See Swafford v. State, 871 So.2d 874 (Fla.2004) (No. SC03-1153) (table). Swafford now appeals to this Court, arguing that the circuit court erred in the proceedings below. We find that the circuit court has complied with our order. The circuit court held an evidentiary hearing on June 11, 2004. At that hearing, the parties determined which pieces of evidence were to be DNA tested. That evidence was tested by the Florida Department of Law Enforcement (FDLE) and MitoTyping Technologies, LLC, as reflected in various reports filed by those laboratories from November 2, 2004, through November 18, 2005.
Following that testing, the circuit court entered an order which stated that it had complied with the directions from this Court on remand. Swafford v. State, No. 83-3425-BB (Fla. 7th Cir. Ct. order filed Jan. 25, 2006). We affirm the circuit court's order, including its denial of Swafford's motions for an additional evidentiary hearing under rule 3.853 and his motion seeking further DNA testing by a laboratory not certified as required by rule 3.853(c)(7). This denial is without prejudice to Swafford presenting DNA issues, including any issues concerning possible contamination of DNA samples, in further proceedings under rule 3.851. Swafford is granted sixty days from the date this opinion is final to amend his rule 3.851 motion to present any DNA issues.
We therefore affirm the circuit court's order. We also lift the stay previously granted on March 28, 2006, in this case.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.