COPE, J.
 

 This is a petition for writ of mandamus which seeks to compel additional findings by the trial court in proceedings relating to DNA testing. We deny the petition.
 

 Pedro Pablo Espinoza filed a motion for postconviction DNA testing under Florida Rule of Criminal Procedure 3.853. In the motion he alleged that he had been convicted of sexual battery and trespassing. He requested DNA testing of evidence in the case.
 

 The State and counsel for defendant-petitioner Espinoza entered into an agreed order for DNA testing. Pursuant to rule 3.853(c)(8), the results were provided to the parties. According to the laboratory report, the sample demonstrated the presence of a mixture. The victim was the major contributor. The defendant “is included as a possible contributor of the additional DNA profile.” The trial court entered no further order regarding the DNA testing.
 

 The defendant filed a pro se petition in this court, arguing that the trial court should be required to make findings under rule 3.853(c)(5). That part of the rule addresses the findings to be made when the court is deciding a rule 3.853 motion:
 

 (5) The court shall make the following findings when ruling on the motion:
 

 (A) Whether it has been shown that physical evidence that may contain DNA still exists.
 

 (B) Whether the results of DNA testing of that physical evidence likely would be admissible at trial and whether there exists reliable proof to establish that the evidence containing the tested DNA is authentic and would be admissible at a future hearing.
 

 (C) Whether there is a reasonable probability that the movant would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial.
 

 In this case those findings were not made, because the State agreed to the testing. After the test results came back, they were provided to the parties as required by rule 3.853(c)(8). The rule does not require further findings once the tests results have been received.
 

 
 *1090
 
 We acknowledge that the defendant’s position finds some support in
 
 Swafford v. State,
 
 946 So.2d 1060, 1061 (Fla.2006). In that case, the Florida Supreme Court remanded the case to the trial court for DNA testing. The Court included in its order a requirement that after the testing was completed, the circuit court was to “enter an order making findings as to whether the evidence which was tested is authentic, has been contaminated, or such other findings in respect to the tested evidence as the circuit court determines to be appropriate.”
 
 Id.
 
 We surmise that this portion of the
 
 Swafford
 
 order was included because of some specific claim regarding possible contamination of the DNA samples, because the Court returned to that issue again at the conclusion of its opinion.
 

 In the present case, the testing has been completed and the results do not exonerate the defendant. The rule itself only requires that the results of the DNA testing be provided to the parties. The findings in rule 3.853(c)(5) are a tool to enable a trial court to determine whether to order DNA testing. Once the testing has been completed, it does not appear that backtracking to make the findings of rule 3.853(c)(5) would serve a useful purpose. We agree with the State that if the results of the DNA testing demonstrate a basis for postconviction relief, the correct procedure is to file a motion under Florida Rule of Criminal Procedure 3.850.
 
 See Rivera v. State,
 
 995 So.2d 191 (Fla.2008);
 
 Hildwin v. State,
 
 951 So.2d 784, 787 (Fla. 2006);
 
 Haywood v. State,
 
 961 So.2d 995, 996 (Fla. 4th DCA)
 
 review denied,
 
 973 So.2d 1123 (Fla.2007);
 
 Huffman v. State,
 
 909 So.2d 922 (Fla. 2d DCA 2005).
 

 In light of the State’s response, the defendant requests leave to file a rule 3.850 motion, wherein he intends to challenge the testing methodology that was used in his case. In view of the
 
 Swafford
 
 decision, it may not have been clear that the judicial labor had actually concluded under rule 3.853. Therefore, the defendant may file a rule 3.850 motion within sixty days of our mandate. We do not express any opinion on the merits of any rule 3.850 motion the defendant may file.
 

 Petition denied.